1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

## AT TACOMA

|  |  |
|---|---|
| TWINHOPE SHIPPING CO. LTD., | IN ADMIRALTY AND IN LAW |
| Plaintiff, | Case No. 3:13-cv-05901 |
| vs. | **VERIFIED COMPLAINT AND PETITION TO CONFIRM AND ENFORCE ARBITRATION AWARD** |
| SINORICHES ENTERPRISES CO. LTD., | |
| Defendant. | |

Plaintiff, Twinhope Shipping Co. Ltd. (hereinafter, "Twinhope Shipping"), by and through undersigned counsel, respectfully submits its Verified Complaint and Petition to Confirm and Enforce Arbitration Award against Sinoriches Enterprises Co. Ltd. (hereinafter, "Sinoriches") and would show as follows:

1.

Jurisdiction is proper pursuant to 28 U.S.C. § 1333, Rule 9(h) and Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. This action is brought pursuant to 9 U.S.C. § 8 for the purpose of obtaining security for satisfaction of a foreign arbitration award.

2.

In addition, or in the alternative, this is an action to enforce a foreign arbitral award under Title 9 United States Code, Chapter 2, and under The Convention on the Recognition and

1   Enforcement of Foreign Arbitral Awards of June 10, 1958 (hereinafter, "the Convention").

2   Under Title 9, United States Code, Section 203, an action under the Convention is deemed to

3   arise under the laws or treaties of the United States and the district courts of the United States

4   have original jurisdiction.  Therefore, this Honorable Court also has jurisdiction under Section

5   203 of Title 9, United States Code, and Title 28, United States Code, Section 1331.

6   **VENUE**

7   3.

8       Venue is proper in this Court because the Defendant's property, specifically bunkers and

9   marine fuel oil onboard the M/V ALPHA PROGRESS, is currently within the Western District

10   of Washington, or will be during the pendency of this suit.

11   **BACKGROUND**

12   4.

13       At all material times, Twinhope Shipping was and is a foreign corporation organized and

14   operating pursuant to foreign law, and was the owner of the M/V AGIOS KONSTANTINOS.

15   5.

16       At all material times, Sinoriches was and is a foreign corporation organized and operating

17   pursuant to the laws of a foreign country, and was the charterer of the M/V AGIOS

18   KONSTANTINOS pursuant to the terms of a NYPE form time charter agreement dated June 8,

19   2012 (the "Charter Party").  See NYPE charter party agreement dated June 8, 2012, attached

20   hereto as Exhibit 1.

21   6.

22       On or about June 13, 2012, Twinhope Shipping delivered the AGIOS KONSTANTINOS

23   to Sinoriches pursuant to the terms of the Charter Party.  Thereafter, the vessel performed one

24   ballast voyage from Singapore to Necochea and one laden voyage from Bahia Blanca to

25   Songxia, all as directed by Sinoriches as the vessels' time charterer.

26   7.

27       On or about September 21, 2012, Sinoriches redelivered the AGIOS KONSTANTINOS

28   to Twinhope Shipping, at which time Sinoriches improperly claimed a deduction of $95,294.66

Case No.:  3:13-cv-05901
VERIFIED COMPLAINT AND PETITION TO CONFIRM AND
ENFORCE ARBITRATION AWARD - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1   from the final charter hire due under the Charter Party.  Sinoriches claimed that it was due this

2   amount due to the vessel's alleged failure to comply with speed and performance provisions of

3   the Charter Party.  Twinhope Shipping denied the validity of Sinoriches deduction from charter

4   hire and its claim with regard to the vessel's speed and performance.

5                                                    8.

6        Clause 70 of the Charter Party provided that any disputes arising thereunder would be

7   governed by English Law and resolved by London arbitration.  Clause 70 further provided that

8   "[o]n receipt by one party of the nomination of the other party's Arbitrator in writing, that party

9   shall appoint their Arbitrator within 7 (seven) days failing which the decision of the single

10  Arbitrator shall apply."  See, Charter Party, attached as Exhibit 1, ¶ 70.

11                                                   9.

12       On or about November 5, 2012, in accordance with Clause 70 of the Charter Party,

13  Twinhope Shipping demanded that Sinoriches submit to arbitration regarding the disputed

14  charter hire due and appointed Mr. David Aikman as its arbitrator.  See First Final Arbitration

15  Award, attached as Exhibit 2, ¶ 3.  Sinoriches failed to appoint its own arbitrator within limits set

16  forth in the Charter Party.  Accordingly, on November 14, 2012, Mr. Aikman accepted the

17  appointment as sole arbitrator.

18                                                   10.

19       On May 7, 2013, Mr. Aikman issued his First Final Arbitration Award in favor of

20  Twinhope Shipping, adjudging that Sinoriches should pay to Twinhope Shipping the principal

21  amount of $95,294.66, plus interest at the rate of 5% per annum and pro-rata compounded at

22  three monthly intervals from October 21, 2012, until the date of payment.  See First Final

23  Arbitration Award, attached as Exhibit 2, p. 4.  Taking into account interest through October 8,

24  2013, the total sum due to Twinhope for Sinoriches breach of the Charter Party is $99,729.64.

25                                                   11.

26       In addition, Mr. Aikman awarded Twinhope Shipping the sum of $7,049.17 (stated in the

27  First Final Arbitration Award as £ 4,380), being the costs of the First Final Arbitration Award,

28  together with interest thereon at the rate of 4.5% per annum or pro-rata compounded at three

Case No.:  3:13-cv-05901
VERIFIED COMPLAINT AND PETITION TO CONFIRM AND
ENFORCE ARBITRATION AWARD - 3

1    monthly intervals.  See First Final Arbitration Award, attached as Exhibit 2, p. 4.  Taking into

2    account interest through October 8, 2013, the total sum due to Twinhope from Sinoriches for

3    arbitration costs is $7,289.77.

4                                    12.

5        In addition, Mr. Aikman awarded Twinhope Shipping its costs incurred in prosecuting

6    the arbitration.  To date, the principal amount of Twinhope Shipping's costs is approximately

7    $50,642.00.

8                                      13.

9        On the basis of the foregoing and as of October 8, 2013, the sum total due to Twinhope

10    Shipping from Sinoriches in satisfaction of the May 7, 2013, First Final Arbitration Award is

11    $157,661.41, exclusive of continuing costs.

12        **THE FIRST FINAL ARBITRATION AWARD SHOULD BE CONFIRMED.**

13                                    14.

14        Title 9, United States Code, Section 207, provides that:

15          . . . any party to the arbitration may apply to any court having jurisdiction under
16          this chapter for an order confirming the award as against any other party to the
           arbitration.  The court shall confirm the award unless it finds one of the grounds
17          for refusal or deferral of recognition or enforcement of the award specified in the
           said Convention.

18        This Verified Complaint is being filed within three years of the First Final Arbitration

19

20    Award on  jurisdiction and liability dated May 7, 2013.  The First Final Arbitration Award falls

21    under the Convention, Article I and 9 U.S.C. § 202.  Further, the United Kingdom and the United

22    States are signatories to the Convention.  The Charter Party, and the arbitration provision

23    contained therein, is an agreement in writing under which the parties undertook to submit to

24    arbitration all or any differences which have arisen or which may arise between them in respect

25    of a defined legal relationship, whether contractual or not, concerning a subject matter capable of

26    settlement by arbitration or purposes of Article II of the Convention.  Consequently, under

27    Article III of the Convention, the United States is obliged to recognize such arbitral award as

28    binding and enforce it.

Case No.:  3:13-cv-05901
VERIFIED COMPLAINT AND PETITION TO CONFIRM AND
ENFORCE ARBITRATION AWARD - 4

15.

Pursuant to the terms of Article IV of the Convention, Twinhope Shipping has supplied a certified copy of the First Final Arbitration Award.  See Exhibit 2.  All of these items are in English, the official language of the United States, the country in which the award is relied upon. Moreover, Twinhope Shipping submits that none of the grounds for refusal to recognize and enforce the award enumerated in Article V of the Convention are present.

16.

Sinoriches has no defense to this action.

17.

As such, Twinhope Shipping respectfully requests that this Honorable Court issue its order confirming in all respects the First Final Arbitration Award dated May 7, 2013.

## RULE B ALLEGATIONS

18.

Twinhope Shipping incorporates all previous allegations as Rule B allegations as if set forth here in extenso.

19.

On the basis of the foregoing allegations, Sinoriches is indebted to Twinhope Shipping in the principal amount of ONE HUNDRED FIFTY-SEVEN THOUSAND SIX HUNDRED SIXTY-ONE DOLLARS AND FORTY-ONE CENTS ($157,661.41) in principal, plus interest, costs, and attorney's fees, all of which are recoverable under English law.

20.

Upon information and belief, Sinoriches cannot be found within the district or within the jurisdiction of this Court within the meaning of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims.  However, Sinoriches owns and/or possesses an attachable interest in property presently within the jurisdiction of the Court, namely bunkers and marine fuel oil onboard the M/V ALPHA PROGRESS, a vessel presently on time charter to Sinoriches, as well as funds or other property of Sinoriches in the hands of Southport Agencies, Inc.  This property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil

Case No.:  3:13-cv-05901
VERIFIED COMPLAINT AND PETITION TO CONFIRM AND
ENFORCE ARBITRATION AWARD - 5

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1    Procedure and sold to satisfy Twinhope Shipping's claim herein.

2          WHEREFORE, Twinhope Shipping Co. Ltd.  prays:

3          1.      That this Verified Complaint and Petition to Confirm and Enforce Arbitration

4    Award be deemed good and sufficient;

5          2.      That process in due form issue against Sinoriches Enterprises Co. Ltd. citing it to

6    appear and answer this complaint and petition;

7          3.      That this Court enter a Judgment herein pursuant to the Federal Arbitration Act

8    confirming the aforesaid Award as a judgment of this Court in favor Twinhope Shipping Co.,

9    Ltd., and against Sinoriches Enterprises Co., Ltd., in the principal amount of $157,661.41,

10   together with continuing interest and legal costs and fees as provided for in the First Final

11   Arbitration Award;

12         4.      That because the defendant cannot be found within this District pursuant to Rule

13   B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an

14   Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment

15   pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also

16   pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1, 8, attaching Defendant's property

17   within the district, including but not limited to the bunkers and marine fuel oil onboard the M/V

18   ALPHA PROGRESS, a vessel presently on time charter to Sinoriches, as well as funds or other

19   property of Sinoriches in the hands of Southport Agencies, Inc., and all goods, chattels, credits,

20   letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other

21   funds up to the amount of $157,661.41 belonging to, due or being transferred to, from, or for the

22   benefit of Sinoriches, and that all persons claiming any interest in the same be cited to appear

23   pursuant to Supplemental Rule B and answer the matters alleged in this complaint and petition;

24         5.      That Twinhope Shipping Co., Ltd., be allowed such other and additional relief as

25   this Court may deem just and proper, including its attorney's fees and costs in requesting the

26   Court to enter judgment confirming the aforesaid Award.

27

28

Case No.:  3:13-cv-05901
VERIFIED COMPLAINT AND PETITION TO CONFIRM AND
ENFORCE ARBITRATION AWARD - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

1    DATED this 10th day of October, 2013.

2

3                                    /s/ Philip R. Lempriere
                                     /s/ Daniel J. Park
4                                    Philip R. Lempriere, WSBA No. 20304
                                     Daniel J. Park, WSBA No. 43748
5                                    ATTORNEYS FOR PLAINTIFF
                                     TWINHOPE SHIPPING CO LTD.
6                                    Keesal, Young & Logan
                                     1301 Fifth Avenue, Suite 3300
7                                    Seattle, Washington  98101
                                     Telephone:     (206) 622-3790
8                                    Facsimile:     (206) 343-9529
                                     *E mail:*       *philip.lempriere@kyl.com*
9                                                   *daniel.park@kyl.com*

10

11   KYL_SE86787.v3

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.:  3:13-cv-05901
VERIFIED COMPLAINT AND PETITION TO CONFIRM AND
ENFORCE ARBITRATION AWARD - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

1
2
3
4
5
6
7                   UNITED STATES DISTRICT COURT
8           FOR THE WESTERN DISTRICT OF WASHINGTON
9                          AT TACOMA
10  TWINHOPE SHIPPING CO LTD.,        )  Case No. ___3:13-cv-05901___
                                      )
11                        Plaintiff,  )  **VERIFICATION OF COMPLAINT**
                                      )
12          vs.                       )
                                      )
13  SINORICHES ENTERPRISES CO. LTD.,  )
                                      )
14                        Defendant.  )
                                      )
15                                    )
16

17          Pursuant to 28 U.S.C. §1746 and Local Admiralty Rule 105, I, DANIEL A. TADROS,

18  declare under penalty of perjury that the following is true and correct to the best of my

19  knowledge, information and belief:

20          1.      I am an attorney at the law firm Chaffe McCall L.L.P. and represent Plaintiff

21  Twinhope Shipping Co. Ltd. ("Twinhope Shipping") in this matter.  I am a member of good

22  standing in the State of Louisiana, the U.S. District Courts for the Eastern District of Louisiana,

23  Western District of Louisiana, Middle District of Louisiana, and Southern District of Texas, and

24  the U.S. Court of Appeals for the Fifth and Sixth Circuits.

25          2.      I have read the foregoing Verified Complaint and know the contents thereof.

26          3.      I believe the matters to be true based on discussions I had with corporate officers

27  of Twinhope Shipping and documents and information provided to me by Twinhope Shipping.

28          4.      The reason I make this verification is that Twinhope Shipping is a foreign

Case No.:  3:13-cv-05901
VERIFICATION OF COMPLAINT - 1

1  company whose corporate officers are not located in this district and the signatures of Twinhope

2  Shipping's corporate officers cannot be obtained within the time constraints presented by the

3  circumstances of this case.

4     5.     I am authorized to make this verification on behalf of Twinhope Shipping.

5  DATED this __9th__ day of October, 2013.

6

7

8     _____
      DANIEL A. TADROS
9     (pro hac application forthcoming)
      Chaffe McCall L.L.P.
10    1100 Poydras Street, Suite 2300
      New Orleans, Louisiana 70163
11    Tel: (504) 585-7054
      E-Mail: Tadros@chaffe.com
12

13

14  KYL_SE86819

15

16

17

18

19

20

21

22

23

24

25

26

27

28